**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEODORE STEVENS, | No. 15-15968 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-00081-RCJ-WGC |
| v. | |
| ROBERT LEGRAND, Warden; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted June 15, 2016
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Theodore Stevens appeals the district court's denial of his habeas corpus

petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Nevada Supreme Court's determination that Officer Hodgkinson and

Officer Sauchak did not deliberately employ a two-step strategy to undermine the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Miranda* warning given to Stevens, was not an unreasonable determination of the facts. The trial court made this determination after holding an evidentiary hearing, and its conclusion is supported by the record. Therefore, even if Stevens's first unwarned confession was a result of custodial interrogation, the Nevada Supreme Court's decision that the trial court did not err in denying Stevens's motion to suppress his second, warned confession was not contrary to or an unreasonable application of *Missouri v. Seibert*, 542 U.S. 600 (2004) (Kennedy, J., concurring).[1]

Nor was the Nevada Supreme Court's denial of Stevens's claim that his confession was involuntary contrary to or an unreasonable application of clearly established Supreme Court precedent. Based on the evidence in the record, the Nevada Supreme Court could have reasonably determined that Stevens's waiver was voluntary and was made without coercion and with full awareness of the nature of his rights and the consequences of waiving those rights. *See Berghuis v. Thompkins*, 560 U.S. 370, 382–83 (2010) (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)); *see also Oregon v. Elstad*, 470 U.S. 298, 317 (1985).

---

[1]We need not reach the question whether *United States v. Davis*, 2016 WL 3245043, — F.3d — (9th Cir. 2016) (en banc), requires us to rethink our conclusion that Justice Kennedy's concurrence is the controlling opinion in *Seibert*, and thus clearly established Supreme Court precedent, *see Reyes v. Lewis*, 798 F.3d 815, 828–29 (9th Cir. 2015), because even if "we are bound only by the result" of *Seibert*, *Davis*, Slip. Op. at 5, the Nevada Supreme Court's decision would not be contrary to or an unreasonable application of the result in *Seibert*.

**AFFIRMED.**